IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS

| | |
|---|---|
| THOMAS J. KLUTHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| SLUMBERLAND, INC. | ) |
| | ) |
| Serve Registered Agent: | ) |
| CSC-Lawyers Incorporating Service | ) |
| Company | ) |
| 221 Bolivar | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CLASS-ACTION PETITION

Plaintiff Thomas J. Klutho, brings this class action, on behalf of itself and all others similarly situated, against Defendant Slumberland, Inc. under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder ("TCPA").

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resides in St. Louis County, Missouri.

2. Defendant Slumberland, Inc. is a Minnesota company registered to do business in Missouri in good standing, with its registered agent and registered office located in Jefferson City, State of Missouri.

1

EXHIBIT A

3. Personal jurisdiction is proper in Missouri as Defendant has a business location in St. Louis County, State of Missouri, and this business location is where Defendant committed statutory violations in Missouri and is registered to do business in Missouri.

4. Venue is proper in this Court under Missouri Revised Statutes § 508.010.

5. On information and belief, Defendant is and owns and operates a furniture business located St. Louis County, State of Missouri.

6. Defendant sells furniture.

7. During 2019, Plaintiff purchased furniture from Defendant's store in St. Louis County for his residence in Kirkwood, Missouri.

8. Shortly after purchasing furniture from Defendant, Plaintiff received a text message from Defendant advertising Defendant's services.

9. A true and accurate copy of the text message received by Plaintiff from Defendant is denoted Exhibit 1 and attached to this petition.

10. The test messages each include a link and if clicked the link takes you to a webpage which advertises Defendant's services, or, pleading in the alternative, serves a dual purpose one of which is to advertise Defendant's services.

11. SMS is a method of communication that sends text messages between cell phones or from a computer to a cell phone.

12. The maximum size of an SMS text is 160 characters.

13. Unlike more conventional advertisements, SMS message advertisements can cost recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

EXHIBIT A

14. Plaintiff did not provide Defendant prior express written consent to send him text message communications.

15. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that the recipient will receive text message advertisements from Defendant from an automatic telephone dialing system and informing the recipient that the recipient is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

16. Plaintiff received and viewed the text message referenced above on his cellular phone.

17. The text message sent to Plaintiff and to the putative class advertised goods or services sold by Defendant, or pleading in the alternative, the text message served a dual purpose, one of which was to advertise Defendant's goods and services.

18. On information and belief, Defendant or an agent acting on its behalf of Defendant sent the same or other substantially similar text messages to the members of the Class throughout the United States without first obtaining the recipients' prior express written consent.

19. The TCPA states, in part:

It shall be unlawful . . .

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

EXHIBIT A

20. The TCPA defines "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of . . . goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

21. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity… to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

22. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services, which is transmitted to any person." 47 U.S.C. § 227 (a)(4).

23. The Federal Communications Commission's Regulations implementing the TCPA provide that telephone solicitations, which include text messages, cannot be made to a recipient without the recipient's "prior express written consent." See FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2).

24. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

25. The Code of Federal Regulations further provides that the written agreement required to obtain "prior express written consent" must include a clear and conspicuous disclosure informing the person signing that (1) by executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone

4

EXHIBIT A

dialing system or an artificial or prerecorded voice; and (2) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services. 47 C.F.R. § 64.1200(f)(8)(i)(A)-(B).

26. The TCPA provides for a private right of action and statutory damages of at least $500 per violation. 47 U.S.C. §227(b)(3).

27. Plaintiff brings this action individually, and on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who (1) on or after four years prior to the filing of this action, (2) were sent text messages by or on behalf of Defendant, and (3) did not sign an agreement containing the following disclosures: (a) by executing the agreement, such person authorized Defendant to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (a) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

28. Upon information and belief, Defendant sent a text message to Plaintiff and the members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

29. Upon information and belief, Defendant sent text messages to Plaintiff and the Class from a list of phone numbers.

30. Upon information and belief, Defendant text messages to at least forty recipients via SMS from a short code to members of the proposed class despite not having prior express written consent from the class members to send them text messages.

31. On information and belief, Defendant used an autodialer to send the aforementioned text messages and it would be impracticable for Defendant to send these text messages *en masse* without using an automatic telephone dialing system.

EXHIBIT A

32. More particularly, Defendant knowingly and willfully sent text messages advertising its goods and services for sale to Plaintiff and members of Class who had not signed agreements with Defendant containing a clear and conspicuous disclosure informing them that (1) by executing the agreement, such person authorized Defendant to deliver or cause to be delivered telemarketing calls using an automatic telephone dialing system; and (2) the person was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

33. By sending text messages to Plaintiff and to the Class members, none of whom had granted Defendant their prior express written consent by signing agreements containing the disclosures described above, Defendant violated the express provisions of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) and (f)(8).

34. Defendant knew or should have known that the text messages sent to Plaintiff and the Class was a telephone solicitation and that Plaintiff and members of Class did not provide prior express written consent, as described above, authorizing Defendant to send them text messages.

35. Plaintiff and the proposed class are entitled to damages of at least $500.00 per text message sent by Defendant and up to $1,500.00 per text message if the Court finds that Defendant willfully violated the TCPA.

36. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

37. Plaintiff's claims are typical of the class he seeks to represent.

38. Plaintiff and members of the proposed class were sent text messages by Defendant without providing their prior express written consent as defined by 47 C.F.R. § 64.1200(f)(8).

EXHIBIT A

39. Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

40. Questions of law and fact common to the Class include:

   a. Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required by 47 C.F.R. § 64.1200(a)(2) and (f)(8);
   b. Whether Defendant sent text messages to members of the Class using an automatic telephone dialing system;
   c. Whether the text messages sent by Defendant contain material encouraging the purchase Defendant's products or services;
   d. Whether Defendant's conduct violates 47 U.S.C. § 227(b)(1)(A);
   e. Whether Plaintiff and the Class are entitled to statutory damages; and
   f. Whether the Court should award enhanced damages for Defendant's knowing and willful violations of the TCPA.

41. Plaintiff will fairly and adequately represent the proposed Class.

42. Plaintiff has retained counsel experienced in the prosecution of class actions, including TCPA class actions.

43. Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

44. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

45. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

46. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

47. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;
b. appoint the undersigned counsel as Class counsel;
c. award damages of $1500.00 per text massage or at least $500 per text message pursuant to 47 U.S.C. § 227(a)(3)(B);
d. award enhanced damages up to $1,500 per text message pursuant to 47 U.S.C. § 227(a)(3);
e. enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating text messages pursuant to 47 U.S.C. § 227(a)(3)(A);
f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;
g. award Plaintiff an incentive award for his efforts expended on behalf of the Class and other relevant factors;
h. award Plaintiff prejudgment interest and costs; and
i. grant Plaintiff all other relief deemed just and proper.

        SCHULTZ & ASSOCIATES LLP

        By: /s/ Robert Schultz
        Robert Schultz, #35329
        640 Cepi Drive, Suite A
        Chesterfield, MO 63005
        636-537-4645
        Fax: 636-537-2599
        reisenberg@sl-lawyers.com
        rschultz@sl-lawyers.com

        *Attorneys for Plaintiff*

EXHIBIT A



EXHIBIT A



EXHIBIT A